**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM DIVISION**

CASE NO.:

**SAMUEL MONDESIR,**

    **Plaintiff,**

v.

**HUNTERS RUN PROPERTY OWNERS ASSOCIATION, INC., A Florida Not For Profit Corporation,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.    Plaintiff, SAMUEL MONDESIR ("Ms. Mondesir" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**JURISDICTION**

2.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**PARTIES**

3.    At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Palm Beach County, Florida.

4. Plaintiff worked for Defendant in Palm Beach County, Florida, and the venue, therefore, for this case is the West Palm Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Mr. Mondesir worked as a Mechanic for Defenant from May 10, 2013, until his termination on March 7, 2018.

8. During his lengthy tenure with Defendant, Mr. Mondesir was an excellent employee with no significant history of non-FMLA related attendance, performance, or disciplinary issues.

9. Unfortunately, on January 26, 2018, Mr. Mondesir experienced extreme pain in his abdomen and went to the hospital to seek treatment.

10. Mr. Mondesir's physician diagnosed him with a right inguinal hernia which had to be operated on immediately.

11. Following the operation, Mr. Mondesir's physician recommended that he stay home from work for at least six (6) weeks in order to recover for same.

12. Consequentially, Mr. Mondesir's wife called Defendant and informed management of Mr. Mondersir's medical issue, surgery, and attendant need for time off regarding same.

13. This notification legally triggered Defendant's FMLA obligations.

14. On January 28, 2018, Supervisor, "Cedric," called Mr. Mondesir and informed him that he will keep Mr. Mondesir employed for three (3) months while he recovered, but "no more than that."

15. Additionally, Cedric promised to send Mr. Mondesir the proper FMLA documents and instructed him to return them ***when he was ready to come back to work and not at any time earlier.***

16. Mr. Mondesir agreed and expressed his desire to return to work for Defendant after his short recovery.

17. Mr. Mondesir was not instructed to return his FMLA forms immediately, nor within any specific time frame other than when he was ready to return to work.

18. Mr. Mondesir relied upon this representation from management in so doing, and had he been told to return the forms at any time earlier to protect his absence, he would have done so in a timely manner, and was indeed, able to do so.

19. Accordingly, on March 7, 2018, Mr. Mondesir was ready to return to work and arrived to Defendant's workplace with completed FMLA forms as per Cedric's instructions.

20. This return to work occurred well within the afforded "three (3) months of time . . . and no more," afforded to him by Cedric.

21. But, when he attempted to submit the completed FMLA forms to Superintendent, Amy Volk ("Ms. Volk"), she refused to accept same, and informed Mr. Mondesir that he was fired, effective immediately.

22.     When Mr. Mondesir asked why he was being terminated, Ms. Volk informed him that he "took too long" in returning the FMLA forms.

23.     Shocked by this statement considering his prior discussion with Cedric, Mr. Mondesir explained that Cedric explicitly instructed him to return the form once he was able to return to work and no sooner.

24.     Ms. Volk, however, remained obstinate and refused to listen to Mr. Mondesir's reasoning.

25.     Accordingly, Mr. Mondesir immediately approached Cedric, who made a copy of the completed FMLA forms and acknowledged what he told Mr. Mondesir about not having to return the forms until he was ready to return.

26.     Accordingly, he advised Mr. Mondesir that he would call him after he spoke to Ms. Volk to explain the situation and what he told Mr. Mondesir.

27.     Moments later, Mr. Mondesir received a call, not from Cedric, but from Defendant's Receptionist, "Mike."

28.     Mike instructed Mr. Mondesir to return any of Defendant's uniforms and confirmed that his termination was final.

29.     As a result, Defendant, by and through its authorized agents, irrefutably violated Mr. Mondesir's FMLA rights.

30.     Defendant is estopped from claiming that Plaintiff did not comply with the FMLA certification requirements, based on Cedric's statements to Plaintiff about the time for him to return his FMLA documents, and his detrimental reliance on same.

31.     The FMLA prohibits terminating or otherwise retaliating against an employee who exercises his rights under the FMLA.

32. Defendant's termination of Mr. Mondesir for turning in his forms "late" when he was explicitly instructed to return them when he was healthy is tantamount to FMLA interference and retaliation.

33. Plaintiff's absences related to his serious health condition clearly were protected by the FMLA, and his notification of same to his superiors satisfied the FMLA notice requirements. *See* 29 C.F.R. § 825.03 (employees must notify employer of their need for leave, as soon as practicable under the facts and circumstances of the particular case).

34. An employer's failure to provide an employee with proper guidance and notice of his FMLA rights, or providing incorrect information amounts to actionable interference. *See Patterson v. Browning's Pharm. & Healthcare, Inc.,* 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

35. Based on the foregoing, Plaintiff was not returned to the same, or substantially similar/equivalent position upon what would be his return from FMLA leave.

36. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

37. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave.

38. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for him for his use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

39. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of employment, alone demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

40. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for use of FMLA protected leave.

41. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-37, and 39-41 above.

43. At all times relevant hereto, Plaintiff was protected by the FMLA.

44. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

45. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

46. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - UNLAWFUL RETALIATION UNDER THE FMLA

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33, and 35-41, above.

49. At all times relevant hereto, Plaintiff was protected by the FMLA.

50. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

51. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

52. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

53. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

54. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 12th day of July 2019.

        Respectfully Submitted,

        */s/ **Noah E. Storch***
        Noah E. Storch, Esquire
        Florida Bar No. 0085476
        Richard D. Guadagnolo
        Florida Bar No. 0109104
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        Email:
        noah@floridaovertimelawyer.com
        rich@floridaovertimelawyer.com

        *Attorneys for Plaintiff*